IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **Armando Arevalo, Sr., et al.** | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. M-08-cv-329 |
| | § | |
| **J & D Produce, Inc.,** | § | |
| | § | |
|    Defendant. | § | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

     These instructions will be amended after the parties finalize their stipulations.

**Instruction No. 1: Preliminary Instructions**

MEMBERS OF THE JURY:

     You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

     As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

     Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

     After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

     Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

     Pay close attention to the testimony and evidence.

[Alternate 1:  Do not take notes. You will need to rely on your memories.]

[Alternate 2:  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.]

Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**Instruction No. 2: General Instructions for Charge**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

[Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. [You may now retire to the jury room to conduct your deliberations.]

**Instruction No. 3: No Requirement That All Plaintiffs Testify**
Source: Beliz v. W. H. McLeod & Sons Packing Co., 765 F.2d 1317, 1331 (5th Cir. 1985); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 471-72 (11th Cir. 1982); Alzalde v. Ocanas, 580 F. Supp. 1394, 1396 (D. Colo. 1984).

There is no requirement that all of the Plaintiffs appear and testify at the trial. A Plaintiff can prove his claim by a by a preponderance of the evidence, even if that Plaintiff does not appear and testify at trial. One Plaintiff can testify about facts that relate to his co-plaintiff, if he has personal knowledge of those facts. If you find that a Plaintiff has proven his claim by a preponderance of the evidence, you should issue a verdict in favor of that Plaintiff, even if he did not appear and testify at trial.

**Instruction No. 4: Agency Relationship**
Source: Esso International Inc. v. The SS Captain John, 443 F.2d 1144, 1146 (5th Cir. 1971); Castillo v. Case Farms of Ohio, 96 F. Supp. 2d 578, 593 (W.D. Tex. 1999).

      The Plaintiffs allege that Defendant J&D Produce is liable for several violations committed by Jesus Ybarra because he acted as J&D's agent when he recruited the Plaintiffs to harvest onions in New Mexico in 2007. Defendants assert that they are not liable for violations committed by Jesus Ybarra because no agency relationship existed between them.

      A principal is liable for violations it commits and for violations committed by its agents and employees while acting within the scope of their authorized or delegated duties.  One who agrees to act on behalf of another is an agent.  The person on whose behalf the agent acts is a principal. An agent's actual authority to act for another may be express or implied. Express actual authority is created as a result of the oral or written agreement of the parties and express authority exists where the principal has made it clear to the agent that he wants the act under scrutiny done. Further, giving an agent express authority to undertake a certain act also includes the implied authority to do all things proper, usual, or necessary to exercise that express authority.

      The Plaintiffs allege that J&D is responsible for violations committed by Jesus Ybarra of the recruitment and disclosure provisions of the AWPA because J&D gave Jesus Ybarra express actual authority to recruit workers to harvest J&D onions in New Mexico in 2007; and implied actual authority to do all things proper, usual, or necessary to carry out that act.

**Instruction No. 5: General AWPA**
Source: 29 U.S.C. §§ 1801-1872 (2006); <u>Soliz v. Plunkett</u>, 615 F.2d 272, 275-76 (5th Cir. 1980); H.R. Rep. No. 97-885, 97th Cong, 2d Sess. (1982), <u>reprinted in</u> 1982 U.S.C.C.A.N. 4547.

      The Agricultural Worker Protection Act ("AWPA") was enacted by Congress with the goal of reducing the abuse and exploitation of migrant farm workers. The AWPA is a remedial (intended to correct or improve) statute that should be construed broadly. Broad construction is in line with the AWPA's humanitarian purpose "to protect all those hired by middlemen to toil in our nation's fields, vineyards and orchards." The AWPA provides protection to migrant farm workers by, among other things, prohibiting agricultural employers and farm labor contractors from providing false and misleading information about the terms and conditions of employment and from violating the terms of any working arrangement. The AWPA requires that agricultural employers and farm labor contractors provide written disclosures of the terms and conditions of employment being offered. Congress specifically provided farm workers with the right to bring private lawsuits to enforce the AWPA and to recover any damages caused by violations of the law.

      The AWPA places certain obligations on farm labor contractors and agricultural employers with regard to their relations with migrant agricultural workers. The Plaintiffs allege that J&D acting through its agents and employees intentionally violated their rights under several provisions of the AWPA. An agricultural employer is liable for AWPA violations it commits and for violations committed by its authorized agents and employees while acting within the scope of their authorized or delegated duties.

      "Intentional" means that the defendant consciously committed the act which violated AWPA; in other words, that the act was not accidental or involuntary. Under the AWPA, the defendants are responsible for the natural consequences of their actions and their failure to act. For a violation to be intentional, it is not necessary to show that the defendant intended to violate the law, or even that the defendant knew the law existed. Ignorance of the law or its requirements does not prevent an act from being intentional.

**Instruction No. 6:  AWPA Definition of "Recruit"**
Source: <u>Castillo v. Case Farms, Inc.</u>, 96 F. Supp. 2d 578, 599 (W.D. Tex. 1999); <u>Escobar v. Baker</u>, 814 F. Supp. 1491, 1502 (W.D. Wash. 1993); <u>Contreras v. Mt. Adams Orchard Corp.</u>, 744 F. Supp. 1007, 1007 (E.D. Wash. 1990).

   The Plaintiffs' claims involve the terms "recruit" or "recruitment."  The term "recruit" as used in the AWPA means "to hire or otherwise obtain or secure the services of" a worker.  The meaning of "recruit" under the AWPA was intended to be expansive, encompassing a variety of activities related to hiring, such as all pre-employment discussions that relate to a worker's employment and the indirect recruitment at the direction of the farm labor contractor or his agent, through word-of-mouth recruitment by other employees.

   The Plaintiffs claim that in 2007 they were recruited by Jesus Ybarra to harvest onions in New Mexico for J&D.

**Instruction No. 7: AWPA Written Disclosures**
Source: 29 U.S.C. § 1821(a) (2006); 29 C.F.R. §§ 500.75(b)(1) and 500.76(b)(1); Sanchez v. Overmyer, 845 F. Supp. 1183, 1188 (N.D. Ohio 1993); Escobar v. Baker, 814 F. Supp. 1491, 1504-05 (W.D. Wash. 1993); Contreras v. Mt. Adams Orchards Corp., 744 F. Supp. 1007, 1008 (E.D. Wash. 1990).

AWPA requires that each agricultural employer and farm labor contractor who recruits any migrant agricultural workers must, at the time of the worker's recruitment, learn about and disclose in writing to each such worker who is recruited for employment the following information:

(1) the place of employment, to include the name and address of the employer;
(2) the wage rates to be paid;
(3) the crops and kinds of activities on which the worker may be employed;
(4) the period of employment;
(5) the transportation, housing and any other employee benefit to be provided, if any, and the costs to be charged for each of them;
(6) the existence of any strike or other concerted work stoppage, slowdown, or interruption of operations by employees at the place of employment; and
(7) the existence of any arrangements with any owner or agent of any establishment in the area of employment under which the agricultural employer is to receive a commission or any other benefit resulting from any sales by such establishment to the workers.

The Plaintiff alleges that they were recruited before arriving in New Mexico and that neither J&D nor Jesus Ybarra, acting as J&D's agent, provided any of these written disclosures to the Plaintiffs before the Plaintiffs arrived in New Mexico. If you find that the Plaintiffs were recruited before arriving in New Mexico and that they were not given written disclosures that contained all of the information listed above, then you should find that J&D violated this section of the AWPA. If you find that J&D provided written disclosures that only contained some of the information listed above, then you should also find that J&D violated this section of the AWPA.

**Instruction No. 8: AWPA Failure to Make All Required Disclosures in Spanish**

Source: 29 U.S.C. § 1821(g) (2006).

      The AWPA requires that disclosure statements provided to employees must be written in English or Spanish or other language common to migrant agricultural workers who are not fluent or literate in English if necessary and reasonable.

      Plaintiffs allege that J&D did not provide the necessary disclosure statements to Plaintiffs in Spanish at the time of recruitment, even though Plaintiffs speak Spanish and are not fluent in English, and providing the disclosures in Spanish would be reasonable. If you find that the Defendants did not provide the required disclosure statements to the Plaintiffs in Spanish, you should find that the Defendants violated this section of the AWPA.

**Instruction No. 9: AWPA False or Misleading Information**
Source: 29 U.S.C. § 1821(f) (2006); <u>Herrera v. Singh</u>, 103 F. Supp. 2d 1244, 1250 (E.D. Wash. 2000); <u>Castillo v. Case Farms, Inc.</u>, 96 F. Supp. 2d 578, 587, 605 (W.D. Tex. 1999).

AWPA prohibits farm labor contractors and agricultural employers from knowingly providing false or misleading information to migrant agricultural workers concerning the terms, conditions, or existence of agricultural employment. Plaintiffs allege that J&D violated this provision of AWPA.

In order to prove this claim, Plaintiffs must establish that J&D. acting through Jesus Ybarra, intentionally:

1) provided false or misleading information to Plaintiffs concerning the terms of the agricultural employment, and

2) knew or should have known the information was false or misleading.

In order to prove that J&D violated this part of the AWPA, Plaintiffs must establish that J&D intentionally provided false information to Plaintiffs concerning the terms, conditions, or existence of agricultural employment either directly or through an employee or agent. The Plaintiffs allege that Jesus Ybarra acting as J&D's agent gave Plaintiffs false or misleading information about the amount of work and/or pay they would receive from J&D. If you find that Jesus Ybarra, directly or indirectly, told Plaintiffs they would be receive a certain amount of work and pay with J&D when he knew or should have known that they would receive another amount, then you should find that J&D violated this section of the AWPA.

**Instruction No. 10: AWPA Violation of Working Agreement**
Source: 29 U.S.C. § 1822(c) (2006); <u>Elizondo v. Podgorniak</u>, 100 F. Supp. 2d 459, 463 (E.D. Mich. 2000); <u>Aviles v. Kunkle</u>, 765 F. Supp. 358, 366 (S.D. Tex. 1991), <u>rev'd on other grounds</u>, 978 F.2d 201 (5th Cir. 1992); <u>Colon v. Casco, Inc.</u>, 716 F. Supp. 688, 693-94 (D. Mass. 1989); 29 C.F.R. § 500.72(a) (2006).

AWPA requires that farm labor contractors and agricultural employers not violate, without justification, the terms of any working arrangement they make with any migrant agricultural worker.  The Plaintiffs allege that J&D violated their rights under AWPA by violating, without justification, the terms of the working arrangement that they made with Plaintiffs.

The working arrangement is the understanding of the parties, given their mutual knowledge and conduct, as to the expected terms and conditions of employment. A working arrangement does not need to be written to be enforceable.

In order to prove their claim, Plaintiffs must establish any of the following:

(1) The terms of the working arrangement included any or all of the following:

    (a) J&D would provide onion harvest work for the 2007 New Mexico onion harvest season; or

    (b) a piece rate of 70¢ per sack of onions harvested during the 2007 New Mexico onion harvest; or

    (c) Plaintiffs would be earn good wages;

    (d) Plaintiffs would work on big onions.

(2) J&D, either directly or through their employees or agents, intentionally violated any term of the working arrangement by:

    (a) not providing Plaintiffs onion harvest work for the 2007 New Mexico onion harvest season; or

    (b) lowering the pay rate from 70¢ per sack of onions harvested during the 2007 New Mexico onion harvest not paying; or

    (c) Not paying the Plaintiffs good wages.

(3) Any such violation was not justified.  Justification for violating a term of the working arrangement is limited to: (a) acts of God; (b) conditions beyond the control of J&D; or (c) conditions that Defendants could not reasonably foresee.

If you find that the Plaintiffs have established that J&D violated this section of the

AWPA, then you must determine the amount of each Plaintiff's actual damages.

Actual damages are sometimes called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs whole – that is, to fully compensate the Plaintiffs for the damage they have suffered.

The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less. You should consider the amount that will fairly compensate the Plaintiffs for any lost earnings and benefits they suffered because of J&D's violation of this provision of the AWPA. The law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**Instruction No. 11: AWPA Actual Damages**
Source: 29 U.S.C. § 1854(c)(1) (2006); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 388 (5th Cir. 1989), cert. denied, 493 U.S. 821 (1989); Saintida v. Tyre, 783 F. Supp. 1368, 1377 (S.D. Fla. 1992).  Mental anguish: Birchfield v. Texarkana Memorial Hosp., 747 S.W.2d 361, 368-69 (Tex. 1987); LaCoure v. LaCoure, 820 S.W.2d 228, 234 (Tex. Ct. App. 1991); Auto. Ins. Co. v. Davila, 805 S.W.2d 897, 907 (Tex. Ct. App. 1991), rev'd on other grounds, Hines v. Hash, 843 S.W.2d 464, 469-70 (Tex. 1992).

      If Plaintiffs have proved that J&D violated Plaintiffs' rights under AWPA in any of the ways they claim, they are entitled to recover any actual damages they suffered as a result of the AWPA violations you found.

      Actual damages are sometimes called compensatory damages.  The purpose of compensatory damages is to make the Plaintiffs whole - that is, to compensate the Plaintiffs for the damage that they have suffered.  Compensatory damages are not limited to monetary losses that the Plaintiffs may have suffered.  If the Plaintiffs prove a claim under the AWPA, they are also entitled to compensatory damages for mental anguish.  Mental anguish consists of the emotional response of the Plaintiffs caused by the wrongful conduct, and may include humiliation, anger, embarrassment, discomfort, fear, or anxiety.  You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by the Defendants' violations of AWPA.

      You are instructed that an act or omission is a proximate cause of the Plaintiffs' damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the damage, and that the damage was either a direct result or a reasonably foreseeable consequence of the act or omission.  There may be more than one proximate cause of an event.

      The damages that you award must be fair compensation for all of the Plaintiffs' damages, no more and no less.  If you decide to award compensatory damages for violations of Plaintiffs' rights under AWPA, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

      You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: (1) Monetary damages - the amount which will fairly compensate Plaintiffs for any lost earnings and benefits they suffered; and (2) Mental anguish - the amount that will fairly compensate Plaintiffs for any mental anguish they suffered in the past because of Defendants' AWPA violations.

**Instruction No. 12: Confirmation of Registration**
Source: 29 U.S.C. § 1842 (2006); see, e.g., Howard v. Malcolm, 852 F.2d 101, 105-06 (4th Cir. 1988).

The AWPA provides that no person shall utilize the services of any farm labor contractor unless the person first takes reasonable steps to determine that the farm labor contractor possesses a certificate of registration which is valid and which authorizes the activity for which the contractor is utilized. Reasonable steps include examining the face of a farm labor contractor's registration card to verify that the contractor is authorized to engage in the farm labor contracting activity for which he or she is used; or contacting the United States Department of Labor to confirm that the person is properly registered as a farm labor contractor.

Plaintiffs allege that J&D violated this part of the AWPA because: 1) J&D used Jesus Ybarra to recruit, hire, employ, or furnish workers even though Jesus Ybarra did not possess a valid certificate of registration authorizing him to recruit, hire, employ, or furnish workers; and 2) J&D did not take reasonable steps to determine whether Jesus Ybarra had a certificate of registration from the U.S. Department of Labor authorizing him to perform those activities.

**Instruction No. 13: AWPA Statutory Damages**
Source: 29 U.S.C. § 1854(c)(1) (2006); <u>Calderon v. Witvoet</u>, 999 F.2d 1101, 1109 (7th Cir. 1993); <u>Beliz v. W. H. McLeod & Sons Packing Co.</u>, 765 F.2d 1317, 1332 (5th Cir. 1985); <u>Castillo v. Case Farms, Inc.</u>, 96 F. Supp. 2d 578, 631 (W.D. Tex. 1999); <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986); <u>Guerrero v. Garza</u>, 464 F. Supp. 509, 510 (W.D. Wis. 1978).

   Statutory damages are damages the right to which is created by a statute. The AWPA allows for statutory damages of up to $500.00 per violation. Each Plaintiff may recover up to $500 for each violation of his or her rights. The purpose of statutory damages under AWPA are (1) to compensate each Plaintiff for the violation of his or rights; and (2) to promote enforcement of AWPA and thereby deter and correct the exploitive practices that have historically plagued the migrant farm labor market.
   In determining the amount of statutory damages to award for any violations of the AWPA, you may consider that it should not be cheaper to violate AWPA and be sued than to comply with the statutory requirements in the first instance.

**Instruction No. 14: Breach of Contract**
Source: Hussong v. Schwan's Sales Enterprises, 896 S.W.2d 320, 326 (Tex.App. – Houston [1st Dist.] 1995, n.w.h.).

Plaintiffs also claim that they entered into a contract with J&D and that J&D materially breached the contract. Plaintiffs allege that Jesus Ybarra, acting as J&D's agent, entered into an oral agreement on behalf of J&D to provide them with work for J&D under specific terms and conditions. Plaintiffs claim that J&D breached the employment contract by failing to provide them that work.

To establish their claim, Plaintiffs must prove:

(1) they entered into a contract with J&D;
(2) the material terms of the contract; and
(3) that J&D breached the contract.

If Plaintiffs establish that J&D breached a contract with Plaintiffs by failing to comply with its material terms, then J&D will be liable for any damages Plaintiffs prove were caused by the breach.

If you find that Plaintiffs are entitled to damages because their employment contract was breached, you will be asked to determine the amount of money which reasonably, fairly and adequately compensates Plaintiffs for the loss of earnings and benefits Plaintiffs prove were proximately caused by the breach.

If you decide to award damages for the breach of each Plaintiff's employment contract, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Respectfully submitted,

s/Rodolfo D. Sanchez
Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RIOGRANDE LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
(956) 447-4800
(956) 968-8823/FAX
Attorney in Charge for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November 2009 a true and correct copy of this document was sent by First Class U.S mail to Richard P. Hill, PO Box 1548, Edinburg, TX 78540. A copy was also sent via email to richardphill@sbcglobal.net.

s/Rodolfo D. Sanchez
Rodolfo D. Sanchez