IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| AREVALO, et al. , PLAINTIFFS | ' |
| | ' |
| V. | ' CIVIL ACTION NO. |
| | ' |
| J & D PRODUCE, INC., DEFENDANT | ' 7: M-08-CV-329 |
| | ' |

*************************************************************

JUDGE:   Hon. Randall Crane

COURTROOM DEPUTY:

COURT REPORTER:

COURT TRIAL/JURY TRIAL/:

DATE:        NOVEMBER 30, 2009

# EXHIBIT 5

# DEFENDANT'S MOTION IN LIMINE

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ARMANDO AREVALO, SR., | § | |
| et. al., PLAINTIFFS | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  7: M-08- CV- 329 |
| | § | |
| J & D PROUCE, INC., | § | |
| DEFENDANT | § | |

**DEFENDANT'S MOTION IN LIMINE**

Comes now Defendant J & D Produce, Inc., prior to jury selection and files its Motion In Limine, and requests that the following subject matter(s), evidence and/or items not be discussed without first approaching the bench and obtaining permission of the Court, as set forth below:

1. That no mention be made of any prior or subsequent events that are not relevant and/or not substantially similar in nature to the events giving rise to the claims giving rise to this lawsuit, including but not limited to:

i.  Any reference to administrative violations before the Department of Labor not arising from  Plaintiffs claims.  (Rules 401, 403 & 406)

    Sustained_____            Denied_____

    Modified:
    _____
    _____

    By: _____
        Hon. Randy Crane
        U.S. District Judge

ii. Any reference to or from the Department of Labor including testimony from and/or letters asserting that Defendant J & D Produce Inc. was and/or is a "*joint employer*" of a particular field labor contractor's field hands on a given occasion other than the

2

    2007 New Mexico onion season.  Such items or evidence should be excluded since they would be hearsay [Rule 802], or alternatively,  those instances involve harvests and situations not substantially similar to the 2007 New Mexico onion season and not rising to the level of admissibility envisioned by Rule 406, FRE.  Any such admission would be not relevant, unfairly prejudicial and/or confusing.  [Rules 401, 403, FRE].

    iii.    Any reference to any other lawsuit or claim or violation by Defendant of the Migrant Worker Protection Act that did not harm or affect any Plaintiffs.  (Rules 401 and 403)

    Sustained_____        Denied_____

    Modified:
    _____
    _____

    By: _____
         Hon. Randy Crane
         U.S. District Judge

2.  That No Plaintiff be allowed to testify as to what Jesus "Chuy" Ybarra told them about what Anthony Rios supposedly said to or told Mr. Jesus "Chuy" Ybarra, as no Plaintiff spoke or communicated with Mr. Rios,  and thus any such testimony is inadmissible hearsay.  Rule 802, 602 and 701.

    Sustained_____        Denied_____

    Modified:
    _____
    _____

    By: _____
         Hon. Randy Crane
         U.S. District Judge

3.   That the hand-written notes of Jesus "Chuy" Ybarra [Ex. 4 to Mr. Ybarra's deposition, and attached] not be referred to or admitted.  These notes were written by Jesus "Chuy" Ybarra himself, and in response to or at the behest of the El Paso Rural Legal Aid representatives. The  the notes were not written at or near the time of the purported conversations, happenings or events.   And the notes are replete with references and

3

    conversations to the effect that Anthony Rios supposedly made a contract with Jesus "Chuy" Ybarra to recruit workers for to harvest onions grown by J & D Produce, Inc.

    i.     This statement contains inadmissible hearsay and "hearsay within hearsay" and should be excluded.
    ii.    Additionally, these notes are tantamount to inappropriate 'bolstering' of Jesus "Chuy" Ybarra's testimony.
    iii.   These notes should be excluded due to the likelihood of unfair and incurable prejudice to Defendant.  Rule 403.

    Sustained_____               Denied_____

    Modified:
    _____
    _____

                      By:  _____
                            Hon. Randy Crane

4. That no reference or mention be made of the relative "wealth" of the respective parties.

    Sustained_____               Denied_____

    Modified:
    _____
    _____

                      By:  _____
                            Hon. Randy Crane

5. That no pejorative   reference be made as to Defendant's status as a business or corporation, or an agricultural business that sought to take advantage of Plaintiffs or anyone else.

    Sustained_____               Denied_____

    Modified:
    _____
    _____

                      By:  _____

Hon. Randy Crane

6. That no pejorative reference be made that Defendant utilizes field labor contractors to serve as a 'buffer' to avoid oversight and/or federal regulations or oversight.  Rule 403.

    Sustained_____       Denied_____

    Modified:
    _____
    _____

    By: _____
    Hon. Randy Crane

7. That no pejorative reference or insinuation or mention be made that Jesus "Chuy" Ybarra was an "apparent or ostensible" agent of Defendant J & D Produce Inc. as no Plaintiff relied upon and/or communicated with J & D Produce Inc. and/or Anthony Rios; conversely, Plaintiffs relied solely upon Jesus "Chuy" Ybarra and what Jesus "Chuy" Ybarra told the Plaintiffs.  Thus it is not relevant to the issue of ostensible agency as no Plaintiff relied upon any "manifestation" or conduct of J & D but rather only upon the statements and acts and omissions of Jesus "Chuy" Ybarra.

    i. An examples of this type of testimony or subject matter is that Jaime Ybarra, one of Jesus "Chuy" Ybarra's brothers, is a Field Labor Contractor who harvests J & D's crops, and who handled J & D's onion clipping in the Rio Grande Valley New Mexico in 2008 and 2009 but not in 2007.

    ii. Another example would is that Jesus "Chuy" Ybarra worked as a field hand from time-to-time from 2005 to 2009 for Jaime Ybarra's harvesting business, some of which occurred on J & D's crops.

Such assertions and/or evidence should be excluded due to a lack of relevance [Rule 401] and the dangers of confusion and/or unfair prejudice to Defendant.  [Rule 403].

    Sustained_____       Denied_____

    Modified:
    _____
    _____

    By: _____
    Hon. Randy Crane

Wherefore, Defendant prays that this motion be granted, and for such other relief to which it may be entitled.

        Respectfully submitted,

_____
Richard P. Hill
State Bar No. 09651400
PO Box 1548
Edinburg, TX 78541
Phone: (888) 886-2825
FAX:  (888) 886-2836
richardphill@sbcglobal.net

ATTORNEY FOR DEFENDANT
J & D Produce, Inc.

## CERTIFICATE OF SERVICE

On the ____ day of_____, 2009, I certify that a true and correct copy of the Defendant's Motion In Limine Initial Disclosures was served upon Plaintiffs' counsel by first class mail and email, as set forth below:

Mr. Rodofo Sanchez
Texas RioGrande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, TX 78596
(956) 968-9574
(956) 968-8823 fax
rsanchez@trla.org

_____
Richard P. Hill