IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF TEXAS

McALLEN DIVISION

| | | |
|---|---|---|
| AREVALO, et al., PLAINTIFFS | ' | |
| | ' | |
| | ' | CIVIL ACTION NO. |
| V. | ' | |
| | ' | 7: M-08-CV-329 |
| J & D PRODUCE, INC., DEFENDANT | ' | |
| | ' | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JUDGE:   Hon. Randall Crane

COURTROOM DEPUTY:

COURT REPORTER:

COURT TRIAL/JURY TRIAL/:

DATE:            NOVEMBER 30, 2009

EXHIBIT 8

DEFENANT'S REQUESTED CHARGE AND INSTRUCTIONS

1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF TEXAS

McALLEN DIVISION

| | | |
|---|---|---|
| AREVALO, et al., PLAINTIFFS | ' | |
| | ' | |
| | ' | CIVIL ACTION NO. |
| V. | ' | |
| | ' | 7: M-08-CV-329 |
| J & D PRODUCE, INC., DEFENDANT | ' | |

_____

**Defendant is requesting the following jury instructions and/or instructions, as set forth below:**

**1.1 PRELIMINARY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.] Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.] [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**2.13 BIAS—CORPORATE PARTY INVOLVED**

      Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**2.15 LIMITING INSTRUCTION**

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

**2.9 WITNESS NOT CALLED**

      (Name of Witness) _____ was available to both sides. Thus [the plaintiff] [the defendant] cannot complain that (Witness) was not called to testify, because (Party) could have called (Witness). [*This instruction is appropriate only if the issue arises during closing argument or at some other time in trial.*]

**2.11 DUTY TO DELIBERATE**

      It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

      Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**2.15 LIMITING INSTRUCTION**

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony [and documents] as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted.

### 2.16 IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

### 2.18 CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### 2.20 BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

**2.21 USE OF NOTES TAKEN BY JURORS**

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**2.22 CAUTIONARY INSTRUCTION ON DAMAGES**

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

**2.23 DEPOSITION TESTIMONY**

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read (shown) to you today. This deposition testimony is entitled to the

same consideration [and is to be judged by you as to credibility] [and weighed and otherwise considered by you insofar as possible in the same way] as if the witness had been present and had testified from the witness stand in court.

### 3.1 GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. [Do not decide who you think should win and then answer the questions accordingly.] Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his

opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  [You may now retire to the jury room to conduct your deliberations.]

**12.3 EMPLOYEE VS. INDEPENDENT CONTRACTOR**

The law requires every employer that pays wages to an employee to deduct and withhold a certain amount
of taxes from the gross wages of the employee. The employer pays those taxes to the Federal Government for the
employee.
If the employer fails to withhold the necessary taxes from the employee's wages, the employer is required
to pay the amount that it should have withheld.
The plaintiff has made certain payments to the Federal Government as taxes deducted and withheld from
employee's wages. The plaintiff contends that it was not liable for the amount it paid, and thus is entitled to a refund
on the ground that _____ were not its employees, but were, instead, independent contractors. If they were not the
plaintiff's employees, then the plaintiff is entitled to recover the money. If they were employees of the plaintiff, then
the plaintiff is not entitled to recover the money it paid.
The sole issue for you to decide is whether, during the time in question, _____ were employees of the
plaintiff or whether they were independent contractors.
There are a number of factors you must take into consideration in making that determination. No one
factor is controlling. Your determination should be made from all of the evidence in this case.
One of the most important considerations is the degree of control the plaintiff exercised over the work of
_____. An employer has the right to control an employee. Thus, it is important to determine whether the plaintiff
had the right to direct and control _____ not only as to the results of _____'s work, but also as to the details,
manner and means by which those results were accomplished. You must determine whether the plaintiff had the
right to control the number and the frequency of breaks, how _____ performed their work, the type of equipment
they could use, and their work schedule. If you find that the plaintiff had the right to supervise and control those
details, and the manner and means by which the results were to be accomplished, this indicates that there was an
employer-employee relationship between the plaintiff and _____. A finding that the plaintiff did not exercise
such elements of supervision and control over _____ would support a finding that _____ were independent
contractors and not the plaintiff's employees. It is the right to control and not the actual exercise of control that is
important.
Another factor you should consider is whether _____ were (individually) carrying on an independent
business or whether they regularly worked in the course of the plaintiff's business. For this purpose, you may
consider whether _____ advertised or generally offered their services to others; whether or not they, as
individuals or as a group, used a business name in dealing with the plaintiff; whether they listed themselves in any
business capacity in city or telephone directories; whether they maintained their own offices; whether they
procured necessary licenses for the carrying on of their activities; whether they supplied their own tools or
equipment; and any other evidence tending to show that they were carrying on an independent business as
individuals or as a group.
Another factor you should consider is the term and duration of the relationship between the plaintiff and
_____. The relationship of an independent contractor generally contemplates the completion of an agreed service
within a stipulated period of time. An employment relationship generally involves a continuous rendering of
services for an indefinite period of time.
Another factor you may consider is the manner of payment. An independent contractor generally is one
who has the opportunity to make a profit, or the risk of taking a loss; an employee generally does not have the
opportunity to make a profit, or the risk of loss. An employee generally is paid on a time or piecework or
commission basis, while an independent contractor is ordinarily paid an agreed amount—or according to an agreed
formula basis—for a given job.
The description the parties give to their relationship is not controlling. You must determine whether the
relationship between the plaintiff and the _____ is one of employment or of independent contract, taking into
account all of the factors I have mentioned to you and all of the evidence in this case.

**PJC 101.1 [ Texas]   Basic Question—Existence**

QUESTION _____

Did Jesus "Chuy" Ybarra and Anthony Rios of J & D Produce Inc. enter into a contract in which Anthony Rios of J & D Produce Inc. authorized Jesus 'Chuy' Ybarra to recruit workers to clip onions for J & D Produce in New Mexico during the 2007 New Mexico onion season?  [PJC 101.1, 101.4]

> In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.  [TEX PJC 101.3]
>
> A party's conduct includes the conduct of another who acts with the party's authority.  [PJC 101.4]

Authority for another [Jesus "Chuy" Ybarra] to act for a party [J & D Produce] must arise from the party's [J & D Produce's] agreement that the other [Jesus "Chuy" Ybarra] act on behalf and for the benefit of the party [J & D Produce]. If a party so authorizes another to perform an act, that other party is also authorized to do whatever else is proper, usual, and necessary to perform the act expressly authorized.

Authority for another to act for a party must arise from the party's agreement that the other act on behalf and for the benefit of the party. If a party so authorizes  another to perform an act, that other party is also authorized to do whatever else is proper, usual, and necessary to perform the act expressly authorized.

> [PJC 101.4]

Answer: _____



**PJC 101.4   Instruction on Authority  [CONTRACT]**

A party's conduct includes the conduct of another who acts with the party's authority or apparent authority.

Authority for another to act for a party must arise from the party's agreement that the other act on behalf and for the benefit of the party. If a party so authorizes another to perform an act, that other party is also authorized to do whatever else is proper, usual, and necessary to perform the act expressly authorized.

Apparent authority exists if a party (1) knowingly permits another to hold himself out as having authority or, (2) through lack of ordinary care, bestows on another such indications of authority that lead a reasonably prudent person to rely on the apparent existence of authority to his detriment.

Only the acts of the party sought to be charged with responsibility for the conduct of another may be considered in determining whether apparent authority exists.

### 15.15 MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.