UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ARMANDO AREVALO, SR., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. M-08-329 |
| | § | |
| J & D PRODUCE, INC., | § | |
| | § | |
| Defendant. | § | |

**<u>JURY CHARGE</u>**

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

In this case, the Plaintiffs must prove every essential part of their claims by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

**IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**BIAS—CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**NO REQUIREMENT THAT ALL PLAINTIFFS TESTIFY**

There is no requirement that all of the Plaintiffs appear and testify at the trial. One Plaintiff can testify about facts that relate to his co-Plaintiff if he has personal knowledge of those facts. If you find that a Plaintiff has proven his claim by a preponderance of the evidence, you should issue a verdict in favor of that Plaintiff, even if that Plaintiff does not appear and testify at trial.

**CONSIDERATION OF THE EVIDENCE**

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the Plaintiffs have proven their claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled. You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that I believe that the Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiffs are entitled to recover money from the Defendant.

**BENCH CONFERENCES AND RECESSES**

At times during the trial it was necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We met because often during a trial something comes up that doesn't involve the jury.

**USE OF NOTES TAKEN BY JURORS**

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I

direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

       If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

       After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

       SO ORDERED this 15th day of December, 2009, at McAllen, Texas.

Randy Crane
United States District Judge

## <u>INSTRUCTION No. 1</u>
### <u>AGENCY</u>

In order to find Defendant J & D Produce liable for the Plaintiffs claims, you must determine whether or not Jesus "Chuy" Ybarra was acting as the Defendant's agent.

In order for Jesus "Chuy" Ybarra to be an agent, he must have been acting in furtherance of an express or implied agreement with J & D Produce. An agent's actual authority to act for another may be express or implied. Express actual authority is created as a result of the oral or written agreement of the parties, an express authority exists where the principal has made it clear to the agent that he wants the contemplated act to be performed.

Further, giving an agent express authority to undertake a certain act also includes the implied authority to do all things proper, usual or necessary to exercise that express authority.

## INSTRUCTION No. 2
## CONFIRMATION OF FARM LABOR CONTRACTOR REGISTRATION

Plaintiffs have sued Defendant J & D Produce under the Agricultural Worker Protection Act for utilizing the services of an unregistered farm labor contractor. To prevail on their claim, the Plaintiffs must prove the following two (2) elements by a preponderance of the evidence:

> *First:*   That the Defendant utilized the services of Jesus "Chuy" Ybarra as a farm labor contractor; and

> *Second:*  That Jesus "Chuy" Ybarra was an unregistered farm labor contractor;

If you find that the Plaintiffs have proven both elements, you must also determine if Plaintiff proved by a preponderance of the evidence:

> *Third:*   That the Defendant failed to take reasonable steps to determine that Jesus "Chuy" Ybarra possessed a certificate of registration which is valid and which authorizes the activity for which he was utilized.

*Reasonable steps*

Reasonable steps include examining the farm labor contractor's registration card to verify that the contractor is authorized to engage in the farm labor contracting activity for which he or she is used, or contacting the United States Department of Labor to confirm that the person is properly registered as a farm labor contractor.

## INSTRUCTION No. 3
## PROVISION OF WRITTEN DISCLOSURES

Plaintiffs have sued Defendant J & D Produce under the Agricultural Worker Protection Act for failing to provide written disclosures required of agricultural employers. To prevail on their claims, each individual Plaintiff must prove the following three (3) elements by a preponderance of the evidence:

*First:*   That Defendant is an agricultural employer;

*Second:*  That Defendant, or its agent, recruited the Plaintiff; and

*Third:*   That Defendant, or its agent, failed to provide the Plaintiff with the written disclosures required by law.

If you find that a Plaintiff has proven all three (3) elements, for Plaintiffs only fluent in Spanish, you must also determine if Plaintiff proved by a preponderance of the evidence:

*Fourth:*  That Defendant failed to provide the written disclosures in Spanish; and

*Fifth:*   That providing the written disclosures in Spanish was necessary and reasonable.

*Definition of "agricultural employer"*

The term "agricultural employer" means any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker.

*Definition of "recruit"*

The term "recruit" means "to hire or otherwise obtain or secure the services of a worker." The meaning of "recruit" encompasses a variety of activities related to hiring, such as (1) all pre-employment discussions that relate to a worker's employment, and (2) the indirect recruitment at the direction of the farm labor contractor or his agent through word-of-mouth recruitment.

*Required written disclosures*

The law requires that each agricultural employer and farm labor contractor who recruits a migrant agricultural worker must, at the time of the worker's recruitment, disclose in writing to such worker the following information:

1.  The place of employment, to include the name and address of the employer;
2.  The wage rates to be paid;
3.  The crops and kinds of activities on which the worker may be employed;
4.  The period of employment;

5.  The transportation, housing and any other employee benefit to be provided, if any, and the costs to be charged for each of them;

6.  The existence of any strike or other concerted work stoppage, slowdown, or interruption of operations by employees at the place of employment;

7.  The existence of any arrangements with any owner or agent of any establishment in the area of employment under which the agricultural employer is to receive a commission or any other benefit resulting from any sales by such establishment to the workers; and

8.  Whether State worker's compensation insurance is provided, and, if so, information related to the insurance.

## INSTRUCTION No. 4
## FALSE OR MISLEADING INFORMATION

Plaintiffs have sued Defendant J & D Produce under the Agricultural Worker Protection Act for providing false or misleading information concerning the terms, conditions, or existence of agricultural employment. To prevail on their claims, each individual Plaintiff must prove the following three (3) elements by a preponderance of the evidence:

**First:**   That Defendant is an agricultural employer;

**Second:**   That Defendant, or its agent, provided false or misleading information to Plaintiffs concerning the terms, conditions, or existence of agricultural employment required to be disclosed in writing by law; and

**Third:**   That Defendant, or its agent, knew or should have known the information was false or misleading.

*Definition of "agricultural employer"*

The term "agricultural employer" means any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker.

*Required written disclosures*

The law requires that each agricultural employer and farm labor contractor who recruits any migrant agricultural worker must, at the time of the worker's recruitment, disclose in writing to such worker the following information:

1. The place of employment, to include the name and address of the employer;
2. The wage rates to be paid;
3. The crops and kinds of activities on which the worker may be employed;
4. The period of employment;
5. The transportation, housing and any other employee benefit to be provided, if any, and the costs to be charged for each of them;
6. The existence of any strike or other concerted work stoppage, slowdown, or interruption of operations by employees at the place of employment;
7. The existence of any arrangements with any owner or agent of any establishment in the area of employment under which the agricultural employer is to receive a commission or any other benefit resulting from any sales by such establishment to the workers; and
8. Whether State worker's compensation insurance is provided, and, if so, information related to the insurance.

## INSTRUCTION No. 5
## VIOLATION OF WORKING AGREEMENT

Plaintiffs have sued Defendant J & D Produce under the Agricultural Worker Protection Act for violating the terms of a working agreement. To prevail on their claims, each individual Plaintiff must prove the following two (2) elements by a preponderance of the evidence:

*First:*    That Defendant, or its agent, made a working arrangement with the Plaintiff; and

*Second:*    That Defendant, or its agent, violated, without justification, the terms of the working arrangement.

*Working arrangement*

A working arrangement is the understanding of the parties, given their mutual knowledge and conduct, as to the expected terms and conditions of employment. A working arrangement does not need to be written to be enforceable.

*Justification*

Justification for violating a term of the working arrangement is limited to: (a) acts of God; (b) conditions beyond the control of Defendant J & D Produce; or (c) conditions that Defendant could not reasonably foresee.

## INSTRUCTION No. 6
## BREACH OF CONTRACT

Plaintiffs have sued Defendant J & D Produce for breach of contract. To prevail on their claims, each individual Plaintiff must prove the following three (3) elements by a preponderance of the evidence:

**First:**  That a valid contract existed between the Plaintiff and the Defendant, or its agent;

**Second:**  That the Defendant, or its agent, breached the contract; and

**Third:**  That the Plaintiff was damaged as a result of the breach.

*Oral contract*

With respect to the first element, you are instructed that an oral contract is valid.

# INSTRUCTION No. 7
# DAMAGES

If a Plaintiff has proven a claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled.

You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that I believe that the Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiffs are entitled to recover money from the Defendant.

If you find that the Defendant is liable to a Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

To the extent you find them proved by a preponderance of the evidence, you should consider damages accrued. If you find for the Plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

## MULTIPLE CLAIMS—MULTIPLE PLAINTIFFS

You must not award compensatory damages more than once for the same injury. For example, if the Plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The Plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the Plaintiff fully for all of his injuries.

Although there are multiple Plaintiffs in this case, it does not necessarily follow that if

one is unsuccessful on a claim, all or any of the others should also be unsuccessful. Each Plaintiff is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other Plaintiffs.

## TAXES

You are instructed that an award of damages for non-physical injuries may be subject to federal income tax.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages. If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving that the Plaintiff's conduct was not reasonable.

## STATUTORY DAMAGES

Statutory damages are damages the right to which is created by a statute. The Agricultural Worker Protection Act ("AWPA") allows for statutory damages of up to $500.00 per violation. Each Plaintiff may recover up to $500.00 for each violation of his rights. Statutory damages are an alternative to actual damages, and may be awarded where an AWPA violation is found but the actual damages, determined according to these instructions, are low or where the Plaintiffs have requested statutory damages instead of actual damages. The purpose of statutory damages under the AWPA is 1) to compensate each Plaintiff for the violation of his rights, and 2) to promote enforcement of the AWPA.

A Plaintiff may obtain actual damages for one AWPA violation and statutory damages for another AWPA violation.

## QUESTIONS TO THE JURY

### Question 1 (Agency)

Was Jesus "Chuy" Ybarra acting as Defendant J & D Produce's agent when he recruited the Plaintiffs?

*Answer "YES" or "NO":*

ANSWER: _____

*If you answer "YES" to Question 1, answer Questions 2, 3, 4, 5, and 6.*

*If you answer "NO" to Question 1, go to the page entitled Certificate of Unanimous Verdict at the end of this document and sign accordingly.*


### Question 2A (Confirmation of Farm Labor Contractor Registration):

Do you find from a preponderance of the evidence that Defendant J & D Produce utilized the services of Jesus "Chuy" Ybarra and that he was an unregistered farm labor contractor?

*Answer "YES" or "NO": _____*


### Question 2B (Confirmation of Farm Labor Contractor Registration):

If you answered "YES" in Question 2A, do you find from a preponderance of the evidence that Defendant J & D Produce failed to take reasonable steps to determine that Jesus "Chuy" Ybarra possessed a certificate of registration which is valid and which authorizes the activity for which he was utilized?

*Answer "YES", "NO" or "Not Applicable": _____*


### Question 2C (Statutory Damages):

If you answered "YES" in Questions 2A *and* 2B, what are the statutory damages to which Plaintiffs are entitled?

ANSWER: $_____   *(Your answer may not exceed $500.00. Answer in dollars and cents.)*

**Question 3A (Provision of Written Disclosures):**

Do you find from a preponderance of the evidence that Defendant J & D Produce recruited the Plaintiffs, listed below, and failed to provide them with the written disclosures required by law?

*Answer "YES" or "NO" separately as to each listed Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | _____ | Luis Lerma | _____ |
| Maria Arevelo | _____ | Linda Lerma | _____ |
| Armando Arevalo, Jr. | _____ | Ernesto Esparza | _____ |
| Hugo Arevalo | _____ | Hugo Rodriguez | _____ |
| Azucena Arevalo | _____ | Jose Merla Sr. | _____ |
| Reynaldo Rocha | _____ | Julian Merla | _____ |
| Arturo Lerma Sr. | _____ | Maria Merla | _____ |
| Kristy Lerma | _____ | Ashley Merla | _____ |
| Miguel Lerma | _____ | Jennifer Merla | _____ |
| Aureliano Lerma | _____ | Jose Merla, Jr. | _____ |
| Cruz Lerma | _____ | | |

**<u>Question 3B (Statutory Damages):</u>**

If you answered "YES" in Question 3A as to any Plaintiff, answer this question as to that Plaintiff only: what are the statutory damages to which the Plaintiff is entitled?

*Answer separately as to each listed Plaintiff. Your answer may not exceed $500.00 for each Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | $_____ | Luis Lerma | $_____ |
| Maria Arevelo | $_____ | Linda Lerma | $_____ |
| Armando Arevalo, Jr. | $_____ | Ernesto Esparza | $_____ |
| Hugo Arevalo | $_____ | Hugo Rodriguez | $_____ |
| Azucena Arevalo | $_____ | Jose Merla Sr. | $_____ |
| Reynaldo Rocha | $_____ | Julian Merla | $_____ |
| Arturo Lerma Sr. | $_____ | Maria Merla | $_____ |
| Kristy Lerma | $_____ | Ashley Merla | $_____ |
| Miguel Lerma | $_____ | Jennifer Merla | $_____ |
| Aureliano Lerma | $_____ | Jose Merla, Jr. | $_____ |
| Cruz Lerma | $_____ | | |

**Question 3C (Provision of Written Disclosures):**

If you answered "YES" to Question 3A as to any Plaintiff, answer this question as to that Plaintiff only: Do you find from a preponderance of the evidence that the Defendant failed to provide the Plaintiff the written disclosures in Spanish when it was necessary and reasonable?

*Answer "YES", "NO" or "Not Applicable" separately as to each listed Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | _____ | Luis Lerma | _____ |
| Maria Arevelo | _____ | Linda Lerma | _____ |
| Armando Arevalo, Jr. | _____ | Ernesto Esparza | _____ |
| Hugo Arevalo | _____ | Hugo Rodriguez | _____ |
| Azucena Arevalo | _____ | Jose Merla Sr. | _____ |
| Reynaldo Rocha | _____ | Julian Merla | _____ |
| Arturo Lerma Sr. | _____ | Maria Merla | _____ |
| Kristy Lerma | _____ | Ashley Merla | _____ |
| Miguel Lerma | _____ | Jennifer Merla | _____ |
| Aureliano Lerma | _____ | Jose Merla, Jr. | _____ |
| Cruz Lerma | _____ | | |

**Question 3D (Statutory Damages):**

If you answered "YES" in Question 3C as to any Plaintiff, answer this question as to that Plaintiff only: what are the statutory damages to which the Plaintiff is entitled?

*Answer separately as to each listed Plaintiff. Your answer may not exceed $500.00 for each Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | $_____ | Luis Lerma | $_____ |
| Maria Arevelo | $_____ | Linda Lerma | $_____ |
| Armando Arevalo, Jr. | $_____ | Ernesto Esparza | $_____ |
| Hugo Arevalo | $_____ | Hugo Rodriguez | $_____ |
| Azucena Arevalo | $_____ | Jose Merla Sr. | $_____ |
| Reynaldo Rocha | $_____ | Julian Merla | $_____ |
| Arturo Lerma Sr. | $_____ | Maria Merla | $_____ |
| Kristy Lerma | $_____ | Ashley Merla | $_____ |
| Miguel Lerma | $_____ | Jennifer Merla | $_____ |
| Aureliano Lerma | $_____ | Jose Merla, Jr. | $_____ |
| Cruz Lerma | $_____ | | |

**Question 4A (False or Misleading Information):**

Do you find from a preponderance of the evidence that Defendant J & D Produce provided false or misleading information concerning the terms, conditions, or existence of agricultural employment that Defendant knew, or should have known, was false or misleading?

*Answer "YES" or "NO" separately as to each listed Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | _____ | Luis Lerma | _____ |
| Maria Arevelo | _____ | Linda Lerma | _____ |
| Armando Arevalo, Jr. | _____ | Ernesto Esparza | _____ |
| Hugo Arevalo | _____ | Hugo Rodriguez | _____ |
| Azucena Arevalo | _____ | Jose Merla Sr. | _____ |
| Reynaldo Rocha | _____ | Julian Merla | _____ |
| Arturo Lerma Sr. | _____ | Maria Merla | _____ |
| Kristy Lerma | _____ | Ashley Merla | _____ |
| Miguel Lerma | _____ | Jennifer Merla | _____ |
| Aureliano Lerma | _____ | Jose Merla, Jr. | _____ |
| Cruz Lerma | _____ | | |

**<u>Question 4B (Statutory Damages):</u>**

If you answered "YES" in Question 4A as to any Plaintiff, answer this question as to that Plaintiff only: what are the statutory damages to which the Plaintiff is entitled?

*Answer separately as to each listed Plaintiff. Your answer may not exceed $500.00 for each Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | $_____ | Luis Lerma | $_____ |
| Maria Arevelo | $_____ | Linda Lerma | $_____ |
| Armando Arevalo, Jr. | $_____ | Ernesto Esparza | $_____ |
| Hugo Arevalo | $_____ | Hugo Rodriguez | $_____ |
| Azucena Arevalo | $_____ | Jose Merla Sr. | $_____ |
| Reynaldo Rocha | $_____ | Julian Merla | $_____ |
| Arturo Lerma Sr. | $_____ | Maria Merla | $_____ |
| Kristy Lerma | $_____ | Ashley Merla | $_____ |
| Miguel Lerma | $_____ | Jennifer Merla | $_____ |
| Aureliano Lerma | $_____ | Jose Merla, Jr. | $_____ |
| Cruz Lerma | $_____ | | |

**<u>Question 5A (Violation of Working Agreement):</u>**

Do you find from a preponderance of the evidence that Defendant J & D Produce had a working arrangement with the Plaintiffs, listed below, that was violated without justification?

*Answer "YES" or "NO" separately as to each listed Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | _____ | Luis Lerma | _____ |
| Maria Arevelo | _____ | Linda Lerma | _____ |
| Armando Arevalo, Jr. | _____ | Ernesto Esparza | _____ |
| Hugo Arevalo | _____ | Hugo Rodriguez | _____ |
| Azucena Arevalo | _____ | Jose Merla Sr. | _____ |
| Reynaldo Rocha | _____ | Julian Merla | _____ |
| Arturo Lerma Sr. | _____ | Maria Merla | _____ |
| Kristy Lerma | _____ | Ashley Merla | _____ |
| Miguel Lerma | _____ | Jennifer Merla | _____ |
| Aureliano Lerma | _____ | Jose Merla, Jr. | _____ |
| Cruz Lerma | _____ | | |

**Question 5B (Damages)**

If you answered "YES" to Question 5A as to any Plaintiff listed below, answer this question as to that Plaintiff only: What sum of money do you find from a preponderance of the evidence would fairly and reasonably compensate the Plaintiff for his damages that resulted from the violation of his working agreement?

Remember that you must reduce the award by the amount that Plaintiff mitigated or should have reasonably mitigated.

Do not include any amounts included in your answer to Question 6B. That is, do not compensate twice for the same loss. Answer in dollars and cents.

*Answer separately as to each listed:*

| | | | |
|---|---|---|---|
| Reynaldo Rocha | $_____ | Julian Merla | $_____ |
| Arturo Lerma Sr. | $_____ | Maria Merla | $_____ |
| Kristy Lerma | $_____ | Ashley Merla | $_____ |
| Miguel Lerma | $_____ | Jennifer Merla | $_____ |
| Luis Lerma | $_____ | Jose Merla, Jr. | $_____ |

**Question 5C (Statutory Damages):**

If you answered "YES" in Question 5A as to any Plaintiff and want to award statutory damages as an alternative to compensatory damages, answer this question as to that Plaintiff only: what are the statutory damages to which the Plaintiff is entitled?

*Answer separately as to each listed Plaintiff. Your answer may not exceed $500.00 for each Plaintiff:*

| | | | |
|---|---|---|---|
| Armando Arevalo, Sr. | $_____ | Luis Lerma | $_____ |
| Maria Arevelo | $_____ | Linda Lerma | $_____ |
| Armando Arevalo, Jr. | $_____ | Ernesto Esparza | $_____ |
| Hugo Arevalo | $_____ | Hugo Rodriguez | $_____ |
| Azucena Arevalo | $_____ | Jose Merla Sr. | $_____ |
| Reynaldo Rocha | $_____ | Julian Merla | $_____ |
| Arturo Lerma Sr. | $_____ | Maria Merla | $_____ |
| Kristy Lerma | $_____ | Ashley Merla | $_____ |
| Miguel Lerma | $_____ | Jennifer Merla | $_____ |
| Aureliano Lerma | $_____ | Jose Merla, Jr. | $_____ |
| Cruz Lerma | $_____ | | |

**<u>Question 6A (Breach of Contract)</u>:**

Do you find from a preponderance of the evidence that Defendant J & D Produce breached a contract with the Plaintiffs, listed below, and that the Plaintiffs suffered damages as a result of the breach?

*Answer "YES" or "NO" separately as to each listed Plaintiff:*

| | | | |
|---|---|---|---|
| Reynaldo Rocha | _____ | Julian Merla | _____ |
| Arturo Lerma Sr. | _____ | Maria Merla | _____ |
| Kristy Lerma | _____ | Ashley Merla | _____ |
| Miguel Lerma | _____ | Jennifer Merla | _____ |
| Luis Lerma | _____ | Jose Merla, Jr. | _____ |

**<u>Question 6B (Damages)</u>**

If you answered "YES" to Question 6A as to any Plaintiff, answer this question as to that Plaintiff only: What sum of money do you find from a preponderance of the evidence would fairly and reasonably compensate the Plaintiff for his damages that resulted from the breach of his contract?

Remember that you must reduce the award by the amount that Plaintiff mitigated or should have reasonably mitigated.

Do not include any amounts included in your answer to Question 5B. That is, do not compensate twice for the same loss. Answer in dollars and cents.

*Answer separately as to each listed Plaintiff:*

| | | | |
|---|---|---|---|
| Reynaldo Rocha | $_____ | Julian Merla | $_____ |
| Arturo Lerma Sr. | $_____ | Maria Merla | $_____ |
| Kristy Lerma | $_____ | Ashley Merla | $_____ |
| Miguel Lerma | $_____ | Jennifer Merla | $_____ |
| Luis Lerma | $_____ | Jose Merla, Jr. | $_____ |

## CERTIFICATE OF UNANIMOUS VERDICT

We, the jury, have answered the above questions as herein indicated, and herewith return same into court as our unanimous verdict.

Date/Time: _____                    _____
                                                                                    FOREPERSON